VAN DE VELD SHIMIZU CANTO & FISHER
Suite 101, Dela Corte Building
167 East Marine Corps Drive
Hagåtña, Guam 96910
Tel.: (671) 472-1131
Fax: (671) 472-2886

Attorneys for Defendant: BRIAN WILLIAM ELM

FILED
DISTRICT COURT OF GUAM
JAN 23 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CHRSITOPHER M. ESPINOSA, JONATHAN E. CANOVAS, and BRIAN WILLIAM ELM, <br><br> Defendant. | Criminal Case No. CR-05-00053 <br><br> **MEMORANDA RE: ADEQUACY OF FACILITIES TO CONFER WITH CLIENT HELD IN DETENTION** |

To: The Honorable Donald W. Molloy, Designated Chief Judge, United States District Court;

COMES NOW court appointed counsel for defendant BRAIN WILLIAM ELM, to state his objection to the facilities available for use to confer with his client as held in custody of the UNITED STATES OF AMERICA, as follows:

The pleading report submitted by the government does not reflect facts inconsistent with the facts stated by Defendant's counsel in court. The report simply provides additional facts that the facility is used almost daily by the Federal Public Defender and that to the knowledge of the government the Federal Public Defender has not complained. Based on these facts the government concludes that in its opinion, the facilities are adequate.

UNITED STATES OF AMERICA, Plaintiff v. BRIAN WILLIAM ELM, Defendant
Criminal Case No. CR-05-00016
MEMORANDA RE: ADEQUACY OF FACILITIES TO CONFER WITH CLIENT HELD IN DETENTION
Page 1

Case 1:05-cr-00053    Document 127    Filed 01/23/2006    Page 1 of 4

The undisputed facts are that the door to the room which is intended for use for video arraignments by the local courts, has a holding cell in the center of the room and a table and chairs outside the holding cell area, all of which is surrounded by walls. The door to the room, which entrance is directly across from the unit commander's desk, has gaps all around the door. No report has been made to the court about the ability of counsel to carry on confidential conversation with the client inside the room so that the conversation could not be overheard by persons immediately outside the room which includes other inmates who walk freely in the area or detention facility personnel. There are gaps of three inches or more that are at the top and bottom of the door do not limit transmission of sound from within the room to the ears of persons outside the room.

"The Sixth Amendment right to counsel includes the right to confer privately with one's attorney. *See, e.g., United States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980) and *United States v. Rosner*, 485 F.2d 1213 (2nd Cir. 1973). Governmental intrusions into confidential lawyer-client communications threaten that right. *See, Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976). Morris first met with his attorney on the day of the prepreliminary exam. They met in the "bull pen," which affords no privacy, since attorneys, sheriff's personnel, court staff and other detainees were present. Clearly, This procedure deprived Morris of a meaningful and private communication with his attorney and contributed to a constructive denial of counsel." United States v. Morris, 377 F.Supp.2d 630 636 (D.C. E.D. Mich. 2005). "It is established that the right of confidentiality of communications between an attorney and their client is a vital ingredient to the right of court access. Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir.) *cert. denied* 418 U.S. 910 (1974). None of the cases cited by the government hold that the government is not required to provide

UNITED STATES OF AMERICA, Plaintiff v. BRIAN WILLIAM ELM, Defendant
Criminal Case No. CR-05-00016
MEMORANDA RE: ADEQUACY OF FACILITIES TO CONFER WITH CLIENT HELD IN DETENTION
Page 2

Case 1:05-cr-00053    Document 127    Filed 01/23/2006    Page 2 of 4

for such facilities that an attorney can use to meet with the attorney's client under circumstances that the conversation between client and counsel is not assured to be confidential.

The other location for holding client conversations is under canopies in the courtyard area amongst the buildings. There situated are four oversize picnic style tables with attached benches. Aside from the fact that the area is affected by the weather, if it is hot and sunny counsel and client must endure sweating profusely, if the weather is rainy, the canopy leaks causing the parties and their papers, books and things to become rain damaged, if its windy, it is difficult to maintain control of papers and books. The confidentiality problem is that cell blocks surround the courtyard separated only by bars. Inmates walk freely in these areas, and numerous persons and counsel are often seated at separate tables carrying on conversations at the same time.

The mere fact that others do not complain about the inadequate facilities is not of any significance whether the facilities are sufficient to protect the detained citizen's right to counsel and protection of confidential communication with that counsel. Living on Guam and because counsel have become accustomed to accepting intolerable conditions because the local government is unable to meet its financial commitments, the main reason for the inadequacy of the facilities, further does not mean that the circumstances that violate the rights of a defendant do not exist.

A further factor and the primary factor that this counsel believes has been the reason that the issue has not been previously raised until this time, is that no one wants to be the initial complainer about the poor conditions at the jail. I have however, at many meetings of the federal panel, including one attended by the master appointed to oversee the facilities'

UNITED STATES OF AMERICA, Plaintiff v. BRIAN WILLIAM ELM, Defendant
Criminal Case No. CR-05-00016
MEMORANDA RE: ADEQUACY OF FACILITIES TO CONFER WITH CLIENT HELD IN DETENTION
Page 3

Case 1:05-cr-00053  Document 127  Filed 01/23/2006  Page 3 of 4

compliance with a court order to make the facilities fire safe, has been to raise the inadequacy of the facilities as a matter needing to be addressed. I believe that many other defense counsel find the facilities to be inadequate. But then again, the real issue is not whether as practitioners we are willing to accept derogation of our client's rights to confidential communication with counsel, the question is are there adequate facilities. The government's position fails to address whether in fact two or more persons can actual carry on a conversation within the room which cannot be overheard by persons outside the room. It is this basic concept of confidentiality of communications that this defendant's counsel feels must be addressed, most importantly when a defendant is facing circumstances as serious as those in this case.

## CONCLUSION

The court should further investigate the matter and upon finding that the facilities are inadequate, order the United States Marshal to take remedial measures to assure that defendants and their counsel can meet in reasonable accommodations that assure confidentiality of the communications of counsel and their client.

Respectfully submitted: Friday, January 20, 2006.

_____
Curtis Charles Van de veld, Esq.
Court Appointed Panel Member for Defendant
Brain William Elm

CCV:ccv
VSCF/B.W. ELM/CR000594

UNITED STATES OF AMERICA, Plaintiff v. BRIAN WILLIAM ELM, Defendant
Criminal Case No. CR-05-00016
MEMORANDA RE: ADEQUACY OF FACILITIES TO CONFER WITH CLIENT HELD IN DETENTION
Page 4

Case 1:05-cr-00053   Document 127   Filed 01/23/2006   Page 4 of 4