1  CEspinosa.JI

2  LEONARDO M. RAPADAS
   United States Attorney
3  RUSSELL C. STODDARD
   First Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Hagåtña, Guam 96910
   Telephone: (671) 472-7332
6  Telecopier: (671) 472-7334

7  Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM

MAR - 3 2006

MARY L.M. MORAN
CLERK OF COURT

8

9              IN THE UNITED STATES DISTRICT COURT

10                 FOR THE DISTRICT OF GUAM

11  UNITED STATES OF AMERICA,        )   CRIMINAL CASE NO. 05-00053
                                     )
12                Plaintiff,         )
                                     )
13        vs.                        )   **UNITED STATES' JURY**
                                     )   **INSTRUCTIONS**
14  CHRISTOPHER M. ESPINOSA          )   [PROPOSED]
    and BRIAN WILLIAM ELM,           )
15                                   )
                  Defendants.        )
16  _____ )

17
          In addition to the Court's usual instructions, the Government hereby requests the Court
18
    to instruct the jury as set forth in the attached proposed jury instructions. In addition, an
19
    unnumbered set, without authorities, is submitted on diskette in the event the Court wishes to
20
    submit instructions to the jury.
21
          RESPECTFULLY SUBMITTED this ____ day of March, 2006.
22
                                     LEONARDO M. RAPADAS
23                                   United States Attorney
                                     Districts of Guam and NMI
24

25                                   By: _____
                                         RUSSELL C. STODDARD
26                                       First Assistant U.S. Attorney

27

28

ORIGINAL

# INDEX

| NO. | DESCRIPTION | PAGE |
|---|---|---|
| 1. | Duties of Jury to Find Facts and Follow Law................................................. | 1 |
| 2. | Charges Against Defendant Not Evidence Presumption of Innocence, Burden of Proof..................................................................... | 2 |
| 3. | Reasonable Doubt - Defined.......................................................... | 3 |
| 4. | What is Evidence........................................................................ | 4 |
| 5. | What is Not Evidence.................................................................. | 5 |
| 6. | Direct and Circumstantial Evidence.............................................. | 6 |
| 7. | Credibility of Witnesses.............................................................. | 7 |
| 8. | Testimony of Witness Involving Special Circumstances - Plea.................... | 8 |
| 9. | Opinion Evidence, Expert Witness................................................. | 9 |
| 10. | Separate Consideration of Multiple Counts - Multiple Defendants.............. | 10 |
| 11. | Conspiracy - Elements.................................................................. | 11 |
| 12. | Conspiracy - Knowing of and Association With Other Conspirators............ | 13 |
| 13. | Possession with Intent to Distribute Methamphetamine Hydrochloride......... | 14 |
| 14. | Conducting a Financial Transaction to Promote Unlawful Activity............... | 15 |
| 15. | Aiding and Abetting...................................................................... | 16 |
| 16. | Knowingly................................................................................. | 18 |
| 17. | Dates........................................................................................ | 19 |
| 18. | Duty to Deliberate...................................................................... | 20 |
| 19. | Jury Consideration of Punishment................................................... | 21 |
| 20. | Verdict Form............................................................................. | 22 |
| 21. | Communication with the Court........................................................ | 23 |

- i -

## INSTRUCTION NO. 1

### DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 3.1

-1-

INSTRUCTION NO. 2

## CHARGES AGAINST DEFENDANT NOT EVIDENCE, PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

This is a criminal case brought by the United States government. Count One of the Third Superseding Indictment charges the defendants, CHRISTOPHER M. ESPNIOSA and BRIAN WILLIAM ELM with the crime of conspiracy to possess with intent to distribute methamphetamine hydrochloride. Count Two charges defendant CHRISTOPHER M. ESPNIOSA with possession with intent to distribute methamphetamine hydrochloride. Count Three of the Third Superseding Indictment charges CHRISTOPHER M. ESPNIOSA and BRIAN WILLIAM ELM with the crime of conspiracy to conduct financial transactions to promote unlawful activity, also known as "money laundering." Counts Four through Seven charge CHRISTOPHER M. ESPNIOSA with conducting financial transactions to promote unlawful activity. Counts Eight through Nineteen charge BRIAN WILLIAM ELM with conducting financial transactions to promote unlawful activity.

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent and do not have to testify or present any evidence to prove their innocence. The government has the burden of proving every element of each charge beyond a reasonable doubt.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.2

-2-

INSTRUCTION NO. __3__

REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 3.5

-3-

INSTRUCTION NO. 4

WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.

AUTHORITY:  Manual of Model Jury Instructions for the
                        Ninth Circuit, 2003 Ed., § 3.6

-4-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

AUTHORITY: <u>Manual of Model Jury Instructions for the</u>
<u>Ninth Circuit</u>, 2003 Ed., § 3.7

-5-

INSTRUCTION NO. 6

<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 3.8

-6-

INSTRUCTION NO. 7

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

    1. the opportunity and ability of the witness to see or hear or know the things testified to;

    2. the witness' memory;

    3. the witness' manner while testifying;

    4. the witness' interest in the outcome of the case and any bias or prejudice;

    5. whether other evidence contradicted the witness' testimony;

    6. the reasonableness of the witness' testimony in light of all the evidence; and

    7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

AUTHORITY:  Manual of Model Jury Instructions for the
                Ninth Circuit, 2003 Ed., § 3.9

-7-

# INSTRUCTION NO. 8

## TESTIMONY OF WITNESS INVOLVING SPECIAL CIRCUMSTANCES–PLEA

You have heard testimony from certain government witnesses who have pleaded guilty to a crime arising out of the same events for which the defendants are on trial. The guilty plea is not evidence against the defendants, and you may consider it only in determining the witness's believability.

For this reason, in evaluating these witnesses' testimony, you should consider the extent to which or whether their testimony may have been influenced by this factor. In addition, you should examine their testimony with greater caution than that of other witnesses.

Similarly, you have also heard testimony from witnesses from the government who have entered plea agreements in other matters unrelated to the charges against the defendants. Again, these guilty pleas are not evidence against the defendants, and you may consider them only in determining the witnesses' believability.

For this reason, in evaluating these witnesses' testimony, you should consider the extent to which or whether their testimony may have been influenced by this factor. Again, you should examine their testimony with greater caution than that of other witnesses.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 4.9

-8-

INSTRUCTION NO. 9

OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 4.17

-9-

INSTRUCTION NO.  10

<u>SEPARATE CONSIDERATION OF MULTIPLE COUNTS -
MULTIPLE DEFENDANTS</u>

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.  .

AUTHORITY:  <u>Manual of Model Jury Instructions for the
Ninth Circuit</u>, 2003 Ed., § 3.14

-10-

CONSPIRACY—ELEMENTS

The defendants are charged in Count One of the Third Superseding Indictment with Conspiracy to Possess With Intent to Distribute Methamphetamine Hydrochloride in violation of Sections 841(a)(1), 841(b)(1)(A)(viii), and 846 of Title 21 of the United States Code. Count Three charges a separate conspiracy; Conspiracy to Conduct Financial Transactions to Promote Unlawful Activity, "money laundering," in violation of Sections 1956(a)(1)(a)(i) and (h) of Title 18 of the United States Code. In a moment I will go into the elements of each of these offenses which the government must prove beyond a reasonable doubt.

First however, I want to instruct you as to what a "conspiracy" is under the laws of the United States. A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists. In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond

-11-

1

a reasonable doubt:

2

As to Count One, the government must prove beyond a reasonable doubt each of the

3

following elements:

4

First, that, beginning on about June 2004, the exact date being unknown, and continuing

5

up to and including June 18, 2005, there was an agreement between two or more persons to

6

commit the crime of possession with intent to distribute methamphetamine hydrochloride; and

7

Second, the defendant you are considering became a member of the conspiracy knowing

8

of at least one of its objects and intending to help accomplish it.

9

As to Count Three, in order for a defendant to be found guilty of that charge, the

10

government must prove each of the following elements beyond a reasonable doubt:

11

First, beginning in or about June 2004, the exact date being unknown, and continuing up

12

to and including June 18, 2005, there was an agreement between two or more persons to

13

commit the crime conducting financial transactions to promote unlawful activity; and

14

Second, the defendant became a member of the conspiracy knowing of at least one of its

15

objects and intending to help accomplish it.

16

17

18

19

20

21

22

23

24

25

26

AUTHORITY: <u>Manual of Model Jury Instructions for the</u>

27

<u>Ninth Circuit</u>, 2003 Ed., § 8.16

28

-12-

INSTRUCTION NO. 12

CONSPIRACY- KNOWING OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 8.18

- 13 -

INSTRUCTION NO. 13

## POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE HYDROCHLORIDE

The defendant CHRISTOPHER M. ESPINOSA is charged in Count Two of the Third Superseding Indictment with possession with intent to distribute methamphetamine hydrochloride in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine hydrochloride, and

Second, the defendant possessed methamphetamine hydrochloride with the intent to deliver it to another person..

It does not matter whether the defendant knew that the substance was methamphetamine hydrochloride . It is sufficient that the defendant knew that it was some kind of a prohibited drug

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction..

AUTHORITY:  Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 9.15

- 14 -

INSTRUCTION NO. 14

CONDUCTING A FINANCIAL TRANSACTION TO PROMOTE UNLAWFUL ACTIVITY

Defendant CHRISTOPHER M. ESPINOSA is charged in Counts Four through Seven with conducting a financial transaction to promote the distribution of methamphetamine hydrochloride and conspiracy to possess with intent to distribute methamphetamine hydrochloride, in violation of Section 1956(a)(1)(A) of Title 18 of the United States Code, also known as "money laundering." Defendant BRIAN WILLIAM ELM is charged with the same offense in Counts Eight through Nineteen of the Third Superseding Indictment.

To commit the crime of conducting a financial transaction to promote unlawful activity as charged in the Third Superseding Indictment, the government must prove beyond a reasonable doubt:

First, the defendant conducted a financial transaction involving property that represented the proceeds of the illegal distribution of methamphetamine hydrochloride;

Second, the defendant knew that the property represented the proceeds of the illegal distribution of methamphetamine hydrochloride; and

Third, the defendant acted with the intent to promote the carrying on of the distribution of methamphetamine hydrochloride.

A financial transaction is a transaction involving

(a)     the movement of funds by wire or other means, or

(b)     one or more monetary instruments, or

(c)     the use of a financial institution which is engaged in banking activities which affect interstate or foreign commerce in any way.

The government must prove that the defendant knew that the property represented the proceeds of the distribution of methamphetamine hydrochloride, but need not prove that the defendant knew that the act of laundering the proceeds was unlawful.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 8.120

- 15 -

1

2

INSTRUCTION NO. 15

AIDING AND ABETTING

3

4

A defendant may be found guilty of Possession With Intent to Distribute

5

Methamphetamine Hydrochloride, as charged in Count Two of the Third Superseding

6

Indictment or Conducting Financial Transactions to Promote Unlawful Activity, as charged in

7

Counts Four through Nineteen of the Third Superseding Indictment, even if the defendant

8

personally did not commit the act or acts constituting the crime but aided and abetted in its

9

commission. To prove a defendant guilty of aiding and abetting Possession With Intent to

10

Distribute Methamphetamine Hydrochloride, as charged in Count Two, the government must

prove beyond a reasonable doubt:

11

12

First, the crime of Possession With Intent to Distribute Methamphetamine

Hydrochloride was committed by someone;

13

14

15

Second, the defendant knowingly and intentionally aided, counseled, commanded,

induced or procured that person to commit the crime of Possession With Intent to Distribute

Methamphetamine Hydrochloride; and

16

Third, the defendant acted before the crime was completed.

17

18

To prove a defendant guilty of aiding and abetting Conducting Financial Transactions to

Promote Unlawful Activity, as charged in Counts Four through Nineteen, the government must

prove beyond a reasonable doubt:

19

20

First, the crime of Conducting a Financial Transaction to Promote Unlawful Activity

was committed by someone;

21

22

23

Second, the defendant knowingly and intentionally aided, counseled, commanded,

induced or procured that person to commit the crime of Conducting a Financial Transaction To

Promote Unlawful Activity; and

24

Third, the defendant acted before the crime was completed.

25

26

27

It is not enough that the defendant merely associated with the person committing the

crime, or unknowingly or unintentionally did things that were helpful to that person, or was

present at the scene of the crime.

28

- 16 -

1

2    The evidence must show beyond a reasonable doubt that the defendant acted with the

3    knowledge and intention of helping that person commit the crime of Possession With Intent to

4    Distribute Methamphetamine Hydrochloride as charged in Count One of the Third Superseding

5    Indictment and Conducting a Financial Transaction to Promote Unlawful Activity, as charged

     in Counts Four through Nineteen.

6    The government is not required to prove precisely which defendant actually committed

7    the crime and which defendant aided and abetted.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   AUTHORITY:   Manual of Model Jury Instructions for the
                  Ninth Circuit, 2003 Ed., § 5.1
27

28                          - 17 -

INSTRUCTION NO. 16

KNOWINGLY

An act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake or accident. The government is not required to prove that a defendant knew that his acts or omissions were unlawful. You may consider evidence of a defendant's words, acts or omissions, along with all the other evidence, in deciding whether a defendant acted knowingly.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 5.6

- 18 -

INSTRUCTION NO. _17_

DATES

The indictment charges that the crimes occurred on approximately a certain date or between certain dates. The Government does not have to prove that the crimes happened on those exact dates. But the Government must prove that the crimes occurred reasonably close to the dates alleged in the indictment.

AUTHORITY: U.S. v. Laykin, 886 F.2d 1534, 1543 (9th Cir. 1989).

- 19 -

INSTRUCTION NO. _18_

DUTY TO DELIBERATE

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so.

Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 7.1

- 20 -

INSTRUCTION NO. 19

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 7.4

- 21 -

INSTRUCTION NO. 20

VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous

agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and

date it and advise the marshal or bailiff outside your door that you are ready to return to the

courtroom.

A special verdict form has been prepared for Count One. Should you find a defendant

guilty of the crime of Conspiracy to Possess With Intent to Distribute Methamphetamine

Hydrochloride, you must also unanimously agree as to the amount of methamphetamine

hydrochloride the defendant under consideration either directly distributed or agreed,

understood, or reasonably could have foreseen would be distributed by the other co-conspirators

in furtherance of the conspiratorial agreement.

AUTHORITY: <u>Manual of Model Jury Instructions for the</u>
<u>Ninth Circuit</u>, 2003 Ed., § 7.5

- 22 -

INSTRUCTION NO. 21

COMMUNICATION WITH THE COURT

     If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.

     If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 7.6

- 23 -