VAN DE VELD SHIMIZU CANTO FISHER
Suite 101, Dela Corte Building
167 East Marine Corps Drive
Hagåtña, Guam 96910
Tel.: (671) 472-1131
Fax: (671) 472-2886

Attorneys for Defendant: BRIAN WILLIAM ELM

FILED
DISTRICT COURT OF GUAM
MAR - 9 2006
MARY L.M. MORAN
CLERK OF COURT

## UNITED STATES OF AMERICA

## DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>Plaintiff, <br><br>vs. <br><br>CHRISTOPHER M. ESPINOSA, and BRIAN WILLIAM ELM, <br><br>Defendants. | Criminal Case No. CR-05-00053 <br><br> **DEFENDANT BRIAN WILLIAM ELM'S MOTION FOR SEVERANCE** |

### * * * MOTION FOR SEVERANCE * * *

COMES NOW Defendant BRIAN WILLIAM ELM, through his counsel, VAN DE VELD SHIMIZU CANTO FISHER by Curtis C. Van de veld, Esq., to move the court to sever Defendant from trial with the other Defendant CHRISTOPHER M. ESPINOSA. This motion is made under FRCrP Rule 14 and is supported by the law and facts more fully set forth in the memorandum of points and authorities hereinafter set forth.

### * * * MEMORANDUM OF POINTS AND AUTHORITIES * * *

STATEMENT OF FACTS

UNITED STATES OF AMERICA, Plaintiff v. BRIAN WILLIAM ELM, Defendant
Criminal Case No. CR-05-00016
MOTION FOR SEVERANCE
Page 1

Case 1:05-cr-00053   Document 181   Filed 03/09/2006   Page 1 of 6

Defendant is presently charged under a *THIRD SUPERSEDING INDICTMENT* with the offenses of Count 1 – Conspiracy To Distribute Methamphetamine Hydrochloride which states:

Beginning at a time unknown, but at least in or about the month of June 2004, through on or about June 18, 2005, in the District of Guam and elsewhere, the defendants, CHRISTOPHER M. ESPINOSA and BRIAN WILLIAM ELM, and other persons known and unknown to the grand jury, did unlawfully, intentionally, and knowingly combine, conspire, confederate and agree together with others, to distribute over 50 grams of methamphetamine hydrochloride, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), and 846.

The substance of Count 2, relates only to codefendant CHRISTOPHER M. ESPINOSA, and charges *Possession With Intent To Distribute Methamphetamine Hydrochloride*.

Count 3 charges *Money Laundering Conspiracy* stating:

Beginning in or about June, 2004 and continuing thereafter to in or about June 18, 2005, more exact dates being unknown to the Grand Jury, in the District of Guam, the defendants CHRISTOPHER M. ESPINOSA and BRIAN WILLIAM ELM, together with others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of a specified unlawful activity, did knowingly and intentionally combine, conspire, confederate and agree together and with each other to conduct such financial transactions affecting interstates and foreign commerce, which transactions in fact involved the proceeds of unlawful

UNITED STATES OF AMERICA, Plaintiff v. BRIAN WILLIAM ELM, Defendant
Criminal Case No. CR-05-00016
MOTION FOR SEVERANCE
Page 2

Case 1:05-cr-00053   Document 181   Filed 03/09/2006   Page 2 of 6

activity, namely, possession with intent to distribute methamphetamine hydrochloride, in violation of Title 21, United States Code, Section 841 and conspiracy to possess with intent to distribute methamphetamine hydrochloride, in violation of Title 21, United States Code, Section 846; with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code Section 1956(a)(1)(A)(i).

All in violation of Title 18, United States Code, Section 1956(h).

Counts 4 to 7, allege *Money Laundering* charges for four (4) events occurring between April 12, 2005 and June 9, 2005, solely against codefendant CHRISTOPHER M. ESPINOSA.

Counts 8 to 19 allege *Money Laundering* charges against Defendant BRIAN WILLIAM ELM, for activities occurring between October 13, 2004 and February 25, 2005.

In the March 1, 2006 transcript of the grand jury proceedings, the testimony provides:

Q   Did there come a point in time when Mr. Elm was no longer associated?

A   Yes.

Q   And what were the circumstances surrounding that?

A   Mr. Elm, on or about March of 2005, was incarcerated due to an unrelated charge of firearm violation, and I believe drug violation.

So at that point, prior to Mr. Elm becoming incarcerated, he had instructed Mr. Aponik to assume his role within the organization, including the, again, acquisition of the ice that had been sent from Mr. Canovas as well as the return of the monies to Mr. Canovas once the drugs had been sold.

Q   And then later on during this conspiracy, Mr. Aponik was dealing directly with Mr. Espinosa?

UNITED STATES OF AMERICA, Plaintiff v. BRIAN WILLIAM ELM, Defendant
Criminal Case No. CR-05-00016
MOTION FOR SEVERANCE
Page 3

Case 1:05-cr-00053   Document 181   Filed 03/09/2006   Page 3 of 6

A       That's correct.

The December 7, 2005 transcript of the proceedings before the grand jury states:

Q       Did there come a point in time when Mr. Elm was no longer involved in this activity?

A       Yes.

Q       Can you tell the Grand Jury about that?

A       Yes. According to Mr. Aponik, at approximately January or February of 2005, Mr. Elm was arrested on an unrelated firearms violations charged here on Guam.

Prior to his incarceration, Mr. Elm had – in not so many words, transferred his position in the organization to Mr. Aponik. Mr. Aponik then assumed all of the responsibilities of not only receiving the ice personally on Guam from Mr. Canovas, who's located in Las Vegas, but also responsible for directly sending the money back to Canovas once Mr. Cruz had distributed it.

As to charge 1, the government has submitted for use a Special Verdict form which requires that the jury determine the quantity level of drugs for which each defendant shall be held responsible. In its proposed Jury Instructions, the government has not provided for any instruction for the jury to determine when a person became a member of a conspiracy or when the person is no longer responsible for the ongoing actions of the conspiracy.

ARGUMENT

FRCrP Rule 14 provides:

>   If it appears that a defendant … is prejudiced by a joinder of offenses or of a
>   defendants in an indictment or information or by such joinder for trial together, the
>   court may order an election or separate trials of counts, grant a severance of

UNITED STATES OF AMERICA, Plaintiff v. BRIAN WILLIAM ELM, Defendant
Criminal Case No. CR-05-00016
MOTION FOR SEVERANCE
Page 4

Case 1:05-cr-00053   Document 181   Filed 03/09/2006   Page 4 of 6

defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

To be entitled to relief of severance, a defendant must show that the joinder of the offense or defendants is so prejudicial that it outweighs the interests of judicial economy and efficiency. United States v. Douglass, 780 F.2d 1472, 1478 (9th Cir. 1986).

Whether as a result of the exercise of prosecutorial discretion or due to an objective determination that the facts fail to support the charges, the government has elected to charge the defendants with acts of criminal conduct occurring at differing times. The transcripts and charges seem to suggest that the government does not intend to hold defendant responsible for acts occurring after his incarceration on other charges. The government's failure to provide instruction for the jury to decide when the person became a member of the conspiracy and when his involvement ended, suggests that the time periods for which each defendant was involved embodies the time for the money laundering charges. Hence, joinder of defendants is prejudicial as it is likely to mislead the jury as to the time frames involved in the conspiracy charges Counts 1 and 3.

Additionally, the discovery provided to defense counsel indicates that the evidence against Defendant ESPINOSA may involve activities occurring in Las Vegas, separate and apart from those involved in the conspiracy alleged in this case, which relate to that codefendant's activities with another former codefendant, Jonathan Canovas. The evidence about their activities in Las Vegas may erroneously effect the determination of the extent to which Defendant Brian ELM should be held responsible, if at all. As the charges as set forth

UNITED STATES OF AMERICA, Plaintiff v. BRIAN WILLIAM ELM, Defendant
Criminal Case No. CR-05-00016
MOTION FOR SEVERANCE
Page 5

Case 1:05-cr-00053   Document 181   Filed 03/09/2006   Page 5 of 6

in the Indictment are largely separate as to each Defendant and the extent of the evidence as to those matters not relevant as to one of the Defendants as opposed to the other, the likelihood of causing prejudicial confusion of the jury is high.

CONCLUSION

The court should order the trials of the defendants to be severed.

DATED: 09 March 06 .

VAN DE VELD SHIMIZU CANTO FISHER

_____
Mr. Curtis C. Van de veld, Esq.
Attorney for Defendant
BRIAN WILLIAM ELM

UNITED STATES OF AMERICA, Plaintiff v. BRIAN WILLIAM ELM, Defendant
Criminal Case No. CR-05-00016
MOTION FOR SEVERANCE
Page 6

Case 1:05-cr-00053    Document 181    Filed 03/09/2006    Page 6 of 6