

```
 1  VAN DE VELD SHIMIZU CANTO & FISHER
    De La Corte Building, Suite 101
 2  167 East Marine Corps Drive
    Hagåtña, Guam 96910
 3  Tel.: 671.472.1131
    Fax: 671.472.2886
 4
    Attorneys for Defendant: BRIAN WILLIAM ELM
 5
```

FILED
DISTRICT COURT OF GUAM
MAR 27 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER M. ESPINOSA, JONATHAN E. CANOVAS, and BRIAN WILLIAM ELM, <br><br> Defendants. | Criminal Case No. CR-05-00053 <br><br> **DECLARATION OF CURTIS C. VAN DE VELD IN SUPPORT OF ORAL MOTION TO CONTINUE TRIAL** |

COMES NOW Curtis C. Van de veld, Esq., court appointed counsel for defendant BRIAN WILLIAM ELM to state under penalty of perjury the following facts in support of Defendant's oral motion to enlarge time for trial:

1. Since the date set for the trial on the Third Superseding Indictment, counsel for defendant has received an order from Designated District Judge Ricardo S. Martinez in Civil Case No. CIV04-00049, vacating the civil trial of that matter and consolidating the case with District Court of Guam Civil Case No. CIV04-00038 and CIV04-00006, for pretrial purposes and ordering the parties of all cases to engage in mediation within thirty days to be held before a mutually agreeable mediator, Judge William J. Cahill (Ret. District Court Judge) of

---

UNITED STATES OF AMERICA, Plaintiff v. BRIAN WILLIAM ELM, Defendant
DECLARATION OF CURTIS C. VAN DE VELD
Criminal Case No. CR-05-00053

JAMS Neutrals. The mediation must be completed and a status report submitted to Judge Martinez by no later than April 20, 2006. Because of the urgency of completing the mediation, Judge Cahill has moved his schedule to accommodate the holding of the mediation on April 6th through the 8th of 2006. This firm's involvement in these cases has been ongoing for approximately two years, and trial was scheduled for April 3, 2006. At the time of scheduling the continuation of the trial, defendant's counsel expected the trial dates would be vacated based on the circumstances in that matter. Defense Counsel's firm has invested almost the equivalent of two full time attorneys to matters in those cases for the last two years and the matter involves significant and complex legal issues. Defendant's counsel is the primary member of the firm to handle the mediation in conjunction with our out-of jurisdiction co-counsel who specialize in class actions while the undersigned has significant knowledge in both the areas of the tax issues and class-action. The financial impact upon the firm of defendant's counsel is such that the inability to attend and participate in the mediation would impose a great burden on the firm requiring counsel to withdraw from representation if the case is not continued.

2. Defense counsel filed several motions in the last month that have tolled the clock on the speedy trial act, including motions for non-legal assistance and to severe trial. Defense counsel has not been able to investigate the knowledge of government witnesses Albert Mendiola and Paul Mendiola and only recently received an order for issuance of subpoenas. Further time is necessary to adequately prepare for the defense of this case. The case involves substantial documents, exceeding one thousand pages of discovery.

3. Due to co-defendant Espinosa's counsel having been in a civil trial and then leaving for medical treatment while the undersigned having been scheduled to commence a

UNITED STATES OF AMERICA, Plaintiff v. BRIAN WILLIAM ELM, Defendant
DECLARATION OF CURTIS C. VAN DE VELD
Criminal Case No. CR-05-00053

Case 1:05-cr-00053  Document 207  Filed 03/27/2006  Page 2 of 3

Page 2

criminal trial in Superior Court of Guam (which appears to have resolved based on a plea agreement negotiated on the day set for jury selection), Defense counsel for both Defendants have not had an opportunity to meet and confer in preparation for trial to avoid problems that may arise to the detriment of the defendants at trial.

4.  Defense counsel has been granted the assistance of an investigator and has attempted to engage the assistance of investigator Greg Hall, but due to his hectic work schedule, Mr. Hall has been very busy and unable to meet. Defense counsel believes that the investigatory work can be completed if an additional thirty (30) days is provided.

5.  Defendant Brian Elm faces the significant mandatory minimum of twenty (20) years confinement if convicted. The government's case is based on both circumstantial evidence and the testimony of drug dealer codefendants, and the successful representation of Defendant Brian Elm requires coordinated and complete preparation.

6.  Defense counsel believes that the ends of justice require that the trial of this matter be continued to early May 2006 to allow time for adequate preparation and for counsel to complete the other tasks ordered by the court. Alternatively, counsel will be forced to withdraw.

I swear and affirm that the foregoing is true and correct to the best of my knowledge this Monday, March 27, 2006.

_____
Curtis C. Van de veld, Esq.
Court Appointed Defense Counsel for Defendant
BRIAN WILLIAM ELM

CCV:jwc
VSO PB W ELM CR00053