DISTRICT COURT OF GUAM

TERRITORY OF GUAM

UNITED STATES OF AMERICA,

Plaintiff,

vs.

BRIAN WILLIAM ELM,

Defendant.

Criminal Case No. 05-00053

**FINAL JURY INSTRUCTIONS**

Dated: May _16_ , 2006.

JOHN C. COUGHENOUR
District Court of Guam

---

*The Honorable John C. Coughenour, United States District Judge for the Western District of Washington, by designation.

**ORIGINAL**

# COURT'S INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

# COURT'S INSTRUCTION NO. 2

## CHARGE AGAINST DEFENDANT NOT EVIDENCE, PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

This is a criminal case brought by the United States government. Count One of the Third Superseding Indictment charges the defendant, BRIAN WILLIAM ELM with the crime of conspiracy to distribute methamphetamine hydrochloride. Count Three of the Third Superseding Indictment charges BRIAN WILLIAM ELM with the crime of conspiracy to conduct financial transactions to promote unlawful activity, also known as "money laundering." Counts Eight through Nineteen of the Third Superseding Indictment charge BRIAN WILLIAM ELM with conducting financial transactions to promote unlawful activity.

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of each charge beyond a reasonable doubt.

## COURT'S INSTRUCTION NO. 3

## REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## COURT'S INSTRUCTION NO. 4

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

    (1)    the sworn testimony of any witness;

    (2)    the exhibits which have been received into evidence; and

    (3)    any facts to which all the lawyers have stipulated.

# COURT'S INSTRUCTION NO. 5
## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)    Objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

The word "infer"—or the expression "to draw an inference"—means to find that a fact exists based on proof of another fact. For example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

# COURT'S INSTRUCTION NO. 7

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**COURT'S INSTRUCTION NO. 8**

**ACTIVITIES NOT CHARGED**

The defendant is on trial only for the crime[s] charged in the indictment, not for any other activities.

# COURT'S INSTRUCTION NO. 9

## TESTIMONY OF WITNESS INVOLVING SPECIAL CIRCUMSTANCES– PLEA

You have heard testimony from certain government witnesses who have pleaded guilty to a crime arising out of the same event for which the defendant is on trial or who have pleaded guilty to other matters unrelated to the charges against the defendant. The guilty plea is not evidence against the defendant, and you may consider it only in determining the witness's believability.

Their testimony was given in exchange for a promise by the government that the witness would receive favorable treatment, such as being required to plead guilty to only one of the offenses with which he or she would otherwise be charged.

For this reason, in evaluating these witnesses' testimony, you should consider the extent to which or whether their testimony may have been influenced by this factor. In addition, you should examine their testimony with greater caution than that of other witnesses.

# COURT'S INSTRUCTION NO. 10

## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

# COURT'S INSTRUCTION NO. 11

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against defendant in each of the counts. You must decide each count separately. Your verdict as to one count should not control your verdict on any other count.

**COURT'S INSTRUCTION NO. 12**

**DEFENDANT'S DECISION TO TESTIFY**

     The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

## CONSPIRACY - ELEMENTS

The defendant is charged in Count One of the Third Superseding Indictment with Conspiracy to Distribute Methamphetamine Hydrochloride in violation of Sections 841(a)(1), 841(b)(1)(A)(viii), and 846 of Title 21 of the United States Code. Count Three of the Third Superseding Indictment charges a separate conspiracy; Conspiracy to Conduct Financial Transactions to Promote Unlawful Activity, "money laundering," in violation of Section 1956 (h) of Title 18 of the United States Code. In a moment I will discuss the elements of each of these offenses which the government must prove beyond a reasonable doubt.

First, however, I want to instruct you as to what a "conspiracy" is under the laws of the United States. A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

1   In order for the defendant to be found guilty of that charge, the government must prove each
2   of the following elements beyond a reasonable doubt:

3   As to Count One, the government must prove beyond a reasonable doubt each of the
4   following elements:

5   First, beginning on or about June 2004, the exact date being unknown, and continuing up
6   to and including June 18, 2005, there was an agreement between two or more persons to commit the
7   crime of possession with intent to distribute methamphetamine hydrochloride; and

8   Second, the defendant became a member of the conspiracy knowing of at least one of its
9   objects and intending to help accomplish it.

10  As to Count Three, in order for the defendant to be found guilty of the charge, the
11  government must prove beyond a reasonable doubt each of the following elements:

12  First, beginning on or about June 2004, the exact date being unknown, and continuing up
13  to and including June 18, 2005, there was an agreement between two or more persons to commit the
14  crime of conducting a financial transactions to promote unlawful activity; and

15  Second, the defendant became a member of the conspiracy knowing of at least one of its
16  objects and intending to help accomplish it.

17

18

19

20

21

22

23

24

25

26

27

28

# COURT'S INSTRUCTION NO. 14

## CONSPIRACY—KNOWING OF AND
## ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

# COURT'S INSTRUCTION NO. 15

## CONSPIRACY—LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of conducting financial transactions to promote unlawful activity, "money laundering" of the Third Superseding Indictment as Charged in Counts Eight through Nineteen, if the government has proved each of the following elements beyond a reasonable doubt:

1. a person committed the crime of conducting financial transactions to promote unlawful activity, "money laundering" as charged in Counts Eight through Nineteen;

2. the person was a member of the conspiracy charged in Count Three of the Third Superseding Indictment;

3. the person committed the crime(s) in furtherance of the conspiracy;

4. the defendant was a member of the same conspiracy at the time the offenses charged in Counts Eight through Nineteen were committed; and

5. the offenses fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

**COURT'S INSTRUCTION NO. 16**

**FINANCIAL TRANSACTION TO
PROMOTE UNLAWFUL ACTIVITY**

The defendant is charged in Counts Eight through Nineteen of the Third Superseding Indictment with conducting a financial transaction to promote specified unlawful activity, that is, possession with intent to distribute methamphetamine hydrochloride and conspiracy to possess with intent to distribute methamphetamine hydrochloride, in violation of Sections 1956(a)(1)(A) of Title 18 and 2 of the United States Code. In order for the defendant to be found guilty of the respective charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant conducted a financial transaction involving property that represented the proceeds of the illegal distribution of methamphetamine hydrochloride;

Second, the defendant knew that the property represented the proceeds of the illegal distribution of methamphetamine hydrochloride; and

Third, the defendant acted with the intent to promote the carrying on of the illegal distribution of methamphetamine hydrochloride.

A financial transaction is a transaction involving:

(a) the movement of funds by wire or other means which affect interstate or foreign commerce in any way; or

(b) one or more monetary instruments which affect interstate or foreign commerce in any way; or

(c) the use of a financial institution which is engaged in banking activities which affect interstate or foreign commerce in any way.

The government must prove that the defendant knew that the property represented the proceeds of the conspiracy to distribute methamphetamine hydrochloride, but need not prove that the defendant knew that the act of laundering the proceeds was unlawful.

**COURT'S INSTRUCTION NO. 17**

**AIDING AND ABETTING**

A defendant may be found guilty of a crime, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in their commission. To prove a defendant guilty of aiding and abetting any particular crime charged in the Third Superseding Indictment, the government must prove beyond a reasonable doubt:

*First*, that crime was committed by someone;

*Second*, defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the crime; and

*Third*, defendant acted before the crime was completed.

It is not enough that defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

The government is not required to prove precisely which person actually committed the crime and which person aided and abetted.

**COURT'S INSTRUCTION NO. 18**

**DATES**

The Third Superseding Indictment charges that the crimes occurred on approximately a certain date or between certain dates. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes occurred reasonably close to the dates alleged in the Third Superseding Indictment.

# COURT'S INSTRUCTION NO. 19

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 20
## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

**COURT'S INSTRUCTION NO. 21**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

# COURT'S INSTRUCTION NO. 22

## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

A special verdict form has been prepared for Count One. Should you find the defendant guilty of the crime of Conspiracy to Distribute Methamphetamine Hydrochloride, you must unanimously agree as to the amount of methamphetamine hydrochloride the defendant under consideration either directly distributed or agreed, understood, or reasonably could have foreseen would be distributed by the other co-conspirators in furtherance of the conspiracy.

# COURT'S INSTRUCTION NO. 23
## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# COURT'S INSTRUCTION NO. 24
# COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.