VAN DE VELD SHIMIZU CANTO & FISHER
*Curtis C. Van de veld, Esq.*
Suite 101, De La Corte Bldg.
167 E. Marine Corps Drive
Hagåtña, Guam 96910
Tel.: (671) 472-2863
Fax: (671) 472-2886

Attorney for Defendant: BRIAN WILLIAM ELM

**FILED**
DISTRICT COURT OF GUAM
AUG 29 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIAN WILLIAM ELM,<br><br>    Defendant. | CR05-00053-006<br><br>**DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT** |

COMES NOW defendant BRIAN WILLIAM ELM through Defendant's court appointed counsel, VAN DE VELD SHIMIZU CANTO & FISHER, by Attorney Mr. Curtis C. Van de veld, Esq., pursuant to Federal Rules of Criminal Procedure, Rule 32, and District Court Of Guam Rules of Court General Order No. 98-00002, to state the Defendant's position concerning the Presentence Report.

Defendant here addresses the requirements of General Order No. 98-00002, which instruct that counsel shall state:

UNITED STATES OF AMERICA V. BRIAN WILLIAM ELM     Page 1
Criminal Case No. CR05-00053-06
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT
Case 1:05-cr-00053    Document 294    Filed 08/29/2006    Page 1 of 12

(1) All sentencing factors, facts and other matters material to sentencing that remain in dispute, including a statement and calculation if appropriate, showing how the dispute effects the calculation of the guidelines range.

(2) Whether an evidentiary hearing is requested and, if so, an estimate of the time required for such hearing and a summary of the evidence to be produced.

## I. ALL SENTENCING FACTORS, FACTS AND OTHER MATTERS MATERIAL TO SENTENCING THAT REMAIN IN DISPUTE, INCLUDING A STATEMENT AND CALCULATION IF APPROPRIATE, SHOWING HOW THE DISPUTE EFFECTS THE CALCULATION OF THE GUIDELINES RANGE.

*A. Factual errors contained in the Presentence Report.*

Defendant Elm was charged in the Third Superseding Indictment, upon which he went to trial, with Count 1, *Conspiracy To Distribute Methamphetamine Hydrochloride*, Count 3, *Money Laundering Conspiracy*, and Counts 8 through 19 of *Money Laundering*. The verdict for Count 1, included an interrogatory which provided three levels of drug quantity involved in the charges, (1) *more than 0 grams but less than 10 grams*, (2) *at least 10 grams but less than 50 grams*, or (3) *more than 50 grams*. The evidenced presented by the charge in this case was that Defendant Elm was involved in transactions of

UNITED STATES OF AMERICA V. BRIAN WILLIAM ELM  Page 2
Criminal Case No. CR05-00053-06
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT

Case 1:05-cr-00053   Document 294   Filed 08/29/2006   Page 2 of 12

hundreds of grams. Some testimony suggested that Defendant Elm may have been involved in a conspiracy with others but without proof of a quantity. Unless the court sat at the trial, the court cannot determine these factors without review of the transcripts of the trial. Defendant objects to the description of the offense as a basis for punishment because it suggests the Defendant should be punished for conduct for which he was acquitted by the jury. The description of the offense conduct was related to the allegations supporting the charges of the Third Superseding Indictment, for which Defendant was almost completely exonerated. The government's entire case of Defendant Elm's involvement in a conspiracy with the codefendants was rejected by the jury. As to the sole offense of conviction, the jury returned a verdict of guilty at the intermediate level available under that charge. That verdict, at the level of drug involvement that the jury found in its verdict of guilty, is essentially unsupported by the charges or evidence presented at trial and most certainly not supported by the alleged offense conduct as described in the Presentence Report. The sole verdict of guilty cannot be more appropriately described than to indicate that it was some form of a compromise verdict following lengthy deliberations. To consider the description of "The Offense Conduct" as a basis for sentencing the Defendant ignores the jury verdicts that Defendant Elm is not guilty of that conduct and amounts to double jeopardy. The defense completely understands the Probation

Officer's inability to separate the conduct supporting the conviction from that for which Defendant Elm was found not guilty, as no such evidence exists in the record of the trial of this case. However, the Probation Officer errs in ignoring Defendant's acquittal and suggesting that Defendant be sentenced for such conduct despite Defendant's legal innocence.

### B. *The presentence report contains the following legal errors.*

#### 1. The Probation Officer erred in not applying a two (2) level reduction for Acceptance of Responsibility under USSG §3E1.1.

Defendant is unable to discern what conduct was found to have occurred that the jury believed existed to support the conviction as previously stated. He is, however, remorseful for all of his past criminal behavior and since his most recent federal confinement, has sought to change his life.

Despite Defendant genuinely feeling remorseful, the Probation Officer determines that Defendant is not entitled to a reduction for acceptance of responsibility. Probation Officer Cruz fails to include any reasoning in support of her denial of entitlement to the reduction, hence Defendant cannot point out the error in the Probation Officers analysis in concluding that the reduction does not apply. On this basis, Defendant assumes that the Probation Officer simply does not want to give the credit for no legitimate reason, and here sets forth why the credit is appropriate. The relevant guideline states:

# §3E1.1. Acceptance of Responsibility

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by **2** levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by **1** additional level.

*Commentary*

*Application Notes:*

*1. In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:*
*(a)* **truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies,**
**or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility;**
*(b) voluntary termination or withdrawal from criminal conduct or associations;*
*(c) voluntary payment of restitution prior to adjudication of guilt;*

UNITED STATES OF AMERICA V. BRIAN WILLIAM ELM  Page 5
Criminal Case No. CR05-00053-06
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT

Case 1:05-cr-00053    Document 294    Filed 08/29/2006    Page 5 of 12

*(d) voluntary surrender to authorities promptly after commission of the offense;*
*(e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;*
*(f) voluntary resignation from the office or position held during the commission of the offense;*
*(g) post-offense rehabilitative efforts (e.g., counseling or drug treatment); and*
*(h) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.*

***2. This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically*** *preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct). In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct.*

Defendant Elm went to trial and was acquitted of twelve of the thirteen charges that Defendant contested. As to the lone count of conviction, the level of the drug quantity was substantially less that the amount alleged by the government in the Third Superseding Indictment and less than urged proved in support of the conviction. If the only way Defendant Elm would have been able to qualify for an acceptance of responsibility reduction was that he had to have pled guilty to all offenses the government charged Defendant Elm with having committed, than Defendant Elm

would only receive the reduction if Defendant Elm would have exposed himself to punishment for crimes of which he was innocent. Such rationale is simply contrary to any fair notion of justice. Defendant Elm was never offered any opportunity to plead guilty to the sole offense of conviction at the level of culpability for which he was found guilty. He therefore elected to exercise his constitutional right not to be convicted of offenses for which he was not guilty and to have a jury acquit him of those charges. To deny Defendant Elm the right to a reduction for acceptance of responsibility because Defendant Elm was unwilling to be convicted of offenses for which he was innocent, is to punish Defendant Elm for his innocence, an appalling suggestion. It is equally absurd to deny a defendant a further one level reduction because he has failed to satisfy the government as suggested by USSG §3E1.1(b). When the government insists on a defendant pleading guilty to offenses he has not committed and a defendant rightly elects not to be convicted of those offenses, an innocent Defendant is denied the further reduction because he does not have the opportunity to avail himself of this reduction through no fault of his own. The fundamental unfairness of such a policy is self evident, as such policy encourages persons to plead guilty to offenses for which they are innocent or face harsher sentencing for being innocent of crimes the government wrongly believes that a defendant has committed. Such policy further is improper because it seems to turnover the power to sentence to the executive branch prosecutor, albeit in a limited manner. Assuming such policy to be correct; Why do we need the constitutional protection that requires that any sentence imposed on a defendant be done by a neutral lifetime

appointed U.S. Constitution Article III judge? If the authority to determine eligibility for consideration of sentencing leniency can be delegated to an executive branch prosecutor in a limited way, were does that limit lie and why can it not be given to the executive branch in a more significant manner? Where does the constitutional right to be sentenced by a Judge insulated by Article III begin and the executive branch prosecutor's authority end?

Prosecutors have an opportunity to be heard on sentencing, equal to that of defense counsel. [FRCrP Rule 32(i)(4)(iii)]. The role of a judge should never be abdicated to a party in even the slightest respect. The judge should listen and consider the positions of both parties and based on an informed deliberation, impose a just and fair sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection (18 U.S.C. §3553)[1]. However,

---

[1] The court, in determining the particular sentence to be imposed, shall consider -

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed -

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for -

UNITED STATES OF AMERICA V. BRIAN WILLIAM ELM      Page 8
Criminal Case No. CR05-00053-06
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT
Case 1:05-cr-00053     Document 294     Filed 08/29/2006     Page 8 of 12

abdicating the authority to be fully informed by relying on the sole position of one party (the executive branch prosecutor) is hardly just. Once the courts head down this slippery slope, where will the failure to separate the powers of prosecutor and impartial decision maker end?

---

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines

- (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement -

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Therefore, the right to reduction in sentence for leniency in accepting responsibility should rest solely in the judgment of sentencing judges who independently determine the remorse of a defendant. In this respect the Sentencing Guidelines should be disregarded.

As Defendant Elm has accepted responsibility, the court should reduce the adjusted offense level under the Sentencing Guidelines to reflect such a reduction.

Further, paragraph 47 of the PSR is incorrect as to the base level of the offense indicating a starting position of level 30. Defendant was convicted under a verdict calling for a minimum of 5 grams. Because we cannot know from the evidence of the case the exact amount of drugs for which the conviction was predicated, it is appropriate to only use the lowest level of amount, i.e., 5 grams. Under the Sentencing Guidelines, that amount falls within <u>U.S.S.G. §2D1.1(a)(3) Drug Quantity Table (7)</u>, Level 26. The actual amount of the drug in question is a jury matter and not a matter for the court to determine. If the court were to do so, it will take away from the defendant his right to a jury trial determination of the extent of his guilt. As previously stated, the verdict appears to be a compromise verdict bearing no rationale relationship to any evidence in the case. However, the sentencing court having not even heard the trial evidence, is no position to second guess what amount the jury determined as the amount of drugs for which the jury returned its verdict within the range indicated. To avoid error, the court should adopt the amount of which it can be certain within the range, that being the least amount of the range within the verdict returned, as any

greater amount will result in the court, not the jury determining the amount, without knowledge of the amount the jury actually considered in their deliberations.

Using Offense Level 26, subtracting three levels for acceptance of responsibility, would result in a Sentencing Guidelines Adjusted Offense Level of 23, and for a Criminal History of IV, will present a range of 70-87 months.

As the Probation Officer has drafted the Presentence Report in a manner most unfair to the Defendant, it is not surprising that the Probation Officer further suggests that the court should consider punishing Defendant for other conduct of which he was not convicted. FRCrP Rule 32(d)(2)(A)(i), instructs that the Presentence Report must also contain … any prior criminal record. It is grossly unfair to impugn a person for conduct that results in a prior arrest without conviction. To consider that it is appropriate to punish a defendant for crimes he has not been convicted of having been guilty, is to ignore the precept of the presumption of innocence. It is of no significance that the punishment be harsher in this case than it would be if defendant had not been arrested. The mere fact that he is subject to punishment, and not given a separate sentence, does not alter the fact that if the defendant's sentence is increased for conduct that he has never been given an opportunity to defend against, the court is imposing punishment on a presumption of guilt.

Having just today, August 29, 2006 been served with the government's position, Defense Counsel will only be able to respond at the time of the sentencing hearing, and may request that sentencing be continued to allow time for defendant to prepare for sentencing based on the disputed facts.

## II. WHETHER AN EVIDENTIARY HEARING IS REQUESTED.

Defendant requests an evidentiary hearing to the court requiring the government to prove the conduct it claims is the basis for the conviction and that it contends supports any enhancements added to the guidelines calculations.

Respectfully submitted: Tuesday, August 29, 2006.

VAN DE VELD SHIMIZU CANTO & FISHER

_____
Mr. Curtis C. Van de veld, Esq.
Attorney for defendant
BRIAN WILLIAM ELM

## CERTIFICATE OF SERVICE

I, CURTIS C. VAN DE VELD, certify that I caused a copy of the foregoing document here filed, to be served on counsel for Plaintiff UNITED STATES OF AMERICA on August 29, 2006, via hand delivery at the following address:

| | |
|---|---|
| Ms. Karon V. Johnson, Esq.<br>Assistant U.S. Attorney<br>U.S. Attorney's Office,<br>District Of Guam<br>Criminal Division<br>6th Floor, Sirena Plaza<br>108 Hernan Cortes Avenue<br>Hagåtña, Guam 96910 | and to, Ms. Maria C. Cruz<br>United States Probation Officer<br>United States Probation Office,<br>District Of Guam<br><br>District Court Of Guam<br>2nd Floor, 520 W. Soledad Avenue<br>Hagåtña, Guam 96910 |

Dated: Tuesday, August 29, 2006.

VAN DE VELD SHIMIZU CANTO & FISHER

_____
Mr. Curtis C. Van de veld, Esq.
Attorney for Defendant
BRIAN WILLIAM ELM

CCV:ccv
VSCF/B.W.ELM/CR000604

UNITED STATES OF AMERICA V. BRIAN WILLIAM ELM          Page 12
Criminal Case No. CR05-00053-06
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT

Case 1:05-cr-00053    Document 294    Filed 08/29/2006    Page 12 of 12