**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-10641 |
| Plaintiff - Appellee, | D.C. No. CR-05-00053-06-RBL |
| v. | |
| BRIAN WILLIAM ELM, | MEMORANDUM* |
| Defendant - Appellant. | |

FILED
DISTRICT COURT OF GUAM
JUN 3 0 2008
JEANNE G. QUINATA
Clerk of Court

Appeal from the United States District Court
for the District of Guam
John M. Coughenour, District Judge, Presiding

Submitted June 20, 2008**
Honolulu, Hawaii

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Brian Elm appeals his conviction following trial to a jury on one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841, 846. We affirm.

I

Ample evidence supports the jury's finding beyond a reasonable doubt that Elm participated in a conspiracy whose scope he knew. Four witnesses testified that he started the drug trafficking scheme in the fall of 2004 and was active in it until he dropped out in March, 2005 when he was incarcerated. Even then, however, Elm introduced Aponik to Cruz (his main distributor) so that the operation would continue. Although Elm testified to the contrary, the jury was free to disbelieve him and to credit those who explained his involvement.

That the jury acquitted Elm on money laundering counts does not mean that he must be acquitted on the drug conspiracy count, as Elm maintains. Jury verdicts are not reviewed for consistency. *United States v. Dota*, 33 F.3d 1179, 1187 (9th Cir. 1994). As there was sufficient evidence to find him guilty of conspiring to distribute meth, his conviction on that count stands.

II

2

As Elm failed to object to admission of Exhibit 2B, our review is for plain error. We see none, as Elm simply speculates – without any support in the record – that tampering could have occurred while the baggies retrieved on June 16 were in the custody of Guam Customs officers. In any event, Elm could not have been prejudiced, as the lab report identifying the substance as methamphetamine hydrochloride was already in evidence, without objection. As no obvious defect appears for purposes of FRE 901(a), the possibility of a break in the chain of custody goes to weight. *United States v. Matta-Ballesteros*, 71 F.3d 754, 769 (9th Cir. 1995).

### III

The record is not sufficiently developed for us to consider Elm's claims of ineffective assistance of counsel. Rather, they are more appropriately raised on collateral review. *See United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000).

### IV

Although Elm argues that the district court erred by failing sua sponte to give a limiting instruction on prior bad acts, his convictions were admitted as impeachment evidence under FRE 609. Regardless, whether or not giving such an

3

instruction would be good practice, it was not reversible error for the court not to do so. *United States v. Sangrey*, 586 F.2d 1312, 1315 (9th Cir. 1978), does not say otherwise.

AFFIRMED.

4

Ronald B. Leighton, District Judge
U.S. Courthouse, 4th Floor
520 West Soledad Ave
(SEND BY U.S. MAIL ONLY)
Hagatna, GUAM 96910

06-10641

RECEIVED
JUN 30 2008
DISTRICT C... ...AM
HAGATNA, GUAM

CLERK, U.S. COURT OF APPEALS
FOR THE NINTH CIRCUIT
P.O. BOX 193939
SAN FRANCISCO, CA 94119-3939

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300


US POSTAGE



RECEIVED
JUN 3 0 2008
DISTRICT COURT OF GUAM
HAGATNA, GUAM